**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4373**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CEDRICK JERMAINE WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00175-FL-1)

Submitted:  February 26, 2019                        Decided:  February 28, 2019

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedrick Jermaine Williams pled guilty to theft of firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(u), 924(i)(1) (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether the district court erred in applying a 4-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2016) ("trafficking enhancement"). Although notified of his right to do so, Williams has not filed a pro se supplemental brief. We affirm the district court's judgment.

"We accord due deference to a district court's application of the sentencing guidelines." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). We review the district court's factual determinations for clear error. *Id.* However, "if the issue turns primarily on the legal interpretation of a guideline term, the standard moves closer to de novo review." *Id.* (alterations and internal quotation marks omitted).

Section 2K2.1(b)(5) prescribes a four-level enhancement "[i]f the defendant engaged in the trafficking of firearms." USSG § 2K2.1(b)(5). Two requirements must be met for the trafficking enhancement to apply: (1) the defendant must have "transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual"; and (2) the defendant must have "kn[own] or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual—(I) whose possession or receipt of the firearm would be

2

unlawful; or (II) who intended to use or dispose of the firearm unlawfully." USSG § 2K2.1 cmt. n.13(A).[*] "The government bears the burden of proving the facts supporting the enhancement by a preponderance of the evidence." *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015).

There is no dispute that Williams stole five firearms and sold them to other individuals, satisfying the first element. As to the second element, the district court noted that Williams had reason to know that the individuals he contacted to sell the firearms had prior convictions and were gang members. Moreover, the court found that Williams' clandestine activity surrounding the sales also satisfied the second element. *See United States v. Garcia*, 635 F.3d 472, 479 (10th Cir. 2011) (upholding enhancement when "government presented evidence of the clandestine relationships involved in [defendant's] firearms purchases"). Thus, we conclude that the district court did not clearly err in applying the trafficking enhancement.

In accordance with *Anders*, we have reviewed the entire record in this case, and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

---

[*] Guidelines commentary that "interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*